1
2
3
4
5
6
7

8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    UNITED STATES OF AMERICA,              No.  2:07-cr-00248 WBS DAD P

12                 Respondent,

13          vs.

14    OSCAR CAMPOS PADILLA,                  FINDINGS & RECOMMENDATIONS

15                 Movant.

16

17          Movant is a federal prisoner proceeding pro se with a motion to vacate, set aside, or

18    correct his sentence under 28 U.S.C. § 2255.   Movant was convicted by guilty plea of conspiracy

19    to distribute methamphetamine, and sentenced to 168 months in the custody of the U.S. Bureau of

20    Prisons.  (ECF No. 1029.)  Movant was indicted by a federal grand jury in this district on charges

21    of:  (1) conspiracy to distribute methamphetamine (the crime for which he was ultimately

22    convicted), (2) conspiracy to distribute marijuana, MDMA, and cocaine, and (3) using a

23    telephone to facilitate a drug trafficking offense.  (ECF No. 420.)  In exchange for his plea to

24    count one of a second superseding indictment — conspiracy to distribute methamphetamine in

25    violation of 21 U.S.C. §§ 846, and 841(a)(1) — the government agreed to dismiss the remaining

26    counts of the second superseding indictment and to not oppose "a three-level reduction in

27    [movant]'s offense level for his full and clear demonstration of acceptance of responsibility"

28    under U.S. Sentencing Guidelines § 3E1.1 if the United State Probation Office found such a

                                           1

1    reduction to be appropriate.  (See Plea Agreement Def. Oscar Campos Padilla (ECF No. 866) at

2    3:16-4:4.)[1]  In that plea agreement, movant agreed to plead guilty to the first count of the

3    superseding indictment, conspiracy to distribute methamphetamine.  (Id. at 2:24-28.)

4        As part of that plea agreement movant also specifically agreed to waive both his right to

5    appeal as well as to collaterally attack his plea and sentence.  (Id. at 7:7-17.)  Most importantly

6    for purposes of the § 2255 motion now pending before the court (ECF No. 1179), in that plea

7    agreement movant expressly waived his right to file a motion for federal habeas relief under 28

8    U.S.C. § 2255.  (Id. at 7:15-17.)

9        In his § 2255 motion now pending before the court movant seeks relief on the grounds

10   that:  (1) he was factually innocent of the charge to which he plead guilty, because he "was not

11   involved in [the] conspiracy" and (2) he received ineffective assistance of counsel ("IAC") during

12   plea negotiations in violation of his rights guaranteed by the Sixth Amendment of the U.S.

13   Constitution.  (Mot. to Vacate, Set Aside or Correct Sentence (ECF No. 1179) at 5.)

14       Upon careful consideration of the record and the applicable law, the undersigned finds

15   that movant's waiver of his right to appeal or collaterally attack his conviction and sentence was

16   voluntary and intelligent.  Accordingly, it will be recommended that movant's § 2255 motion be

17   denied without a hearing.

18   **I.  Legal Standard**

19       Title 28 U.S.C. § 2255 provides, in pertinent part: "A prisoner in custody under sentence

20   of a court established by Act of Congress claiming the right to be released upon the ground that

21   the sentence was imposed in violation of the Constitution or laws of the United States . . . may

22   move the court which imposed the sentence to vacate, set aside or correct the sentence."  Under

23   § 2255, "a district court must grant a hearing to determine the validity of a petition brought under

24   that section, '[u]nless the motions and the files and records of the case conclusively show that the

25   prisoner is entitled to no relief.'"  United States v. Blaylock, 20 F.3d 1458, 1465 (9th Cir. 1994)

26   (alteration in original) (quoting 28 U.S.C. § 2255).  The court may deny a hearing if the movant's

27   

28   [1]  Page number citations such as this one are to the page number reflected on the court's CM/ECF
     system and not to page numbers assigned by the parties.

allegations, viewed against the record, fail to state a claim for relief or "are so palpably incredible or patently frivolous as to warrant summary dismissal." United States v. McMullen, 98 F.3d 1155, 1159 (9th Cir. 1996) (internal quotation marks omitted).  To warrant a hearing, therefore, the movant must make specific factual allegations which, if true, would entitle him to relief.  Id. Mere conclusory assertions in a § 2255 motion are insufficient, without more, to require a hearing.  United States v. Hearst, 638 F.2d 1190, 1194 (9th Cir.1980).

**II. Analysis**

As noted above, movant alleges in his pending § 2255 motion that he was factually innocent of the charge to which he plead guilty, because he "was not involved in [the] conspiracy" and alleges he received ineffective assistance of counsel ("IAC") during plea negotiations.  (Mot. to Vacate, Set Aside or Correct Sentence (ECF No. 1179) at 5.)  Specifically, movant contends "[t]he government offered him a plea agreement for two phone counts," an offer that "called for an eight year sentence."  (Id.)  However, because movant's "attorney advised [him] to decline that offer," "that offer was rescinded; and the prosecution [obtained] a superseding indictment" such that ultimately movant "was unable to secure an [eight] year sentence."  (Id.)[2]

The government opposes the § 2255 motion, arguing that movant's "claims — factual innocence and failure to properly advise about a plea offer — . . . are . . . barred by [movant]'s knowing and voluntary waiver of the right to file such a motion and the record shows that his waiver of collateral attack was knowing and voluntary."  (Gov't Mot. to Dismiss; Gov't Resp. to Def.'s 2255 Mot. (ECF No. 1202) at 10:17-20.)

Movant's written plea agreement states, in pertinent part, as follows:

> **B. Waiver of Appeal and Collateral Attack:**  The defendant understands that the law gives him a right to appeal both his conviction and his sentence.  He agrees as part of his plea, however, to give up the right to appeal the conviction and the right to appeal any aspect of the sentence imposed in this case if the Court

---

[2]   Although not relevant to resolution of the pending motion in light of movant's binding waiver of his right to seek collateral relief by way of a § 2255 motion, the government states in its opposition that although movant's retained counsel attempted to persuade the government to make such an offer, the government refused to do so and made only the plea offer to movant that he accepted.  (ECF No. 1202 at 12.)

1  accepts this Plea Agreement under Rule 11(c)(1)(C).

2        If the Court accepts this Plea Agreement under Rule 11(c)(1)(C), the
defendant also gives up any right he may have to bring a post-appeal attack on his
3  conviction or sentence.  <u>He specifically agrees not to file a motion under 28 U.S.C.
§ 2255 . . . attacking his conviction or sentence.</u>

4

5  (ECF No. 866, at 7:7-17) (emphasis added).)  At the change of plea hearing, the court

6  found that movant was "fully competent and capable of entering an informed plea," and

7  "that his plea of guilty [was] a knowing and voluntary plea," and accepted his guilty plea.

8  (Rep.'s Tr. (ECF No. 1198) at 13:2-9.)

9        "A defendant's waiver of his appellate rights is enforceable if . . . the waiver is knowingly

10  and voluntarily made."  <u>United States v. Jeronimo</u>, 398 F.3d 1149, 1153 (9th Cir. 2005),

11  <u>overruled on other grounds by United States v. Jacobo Castillo</u>, 496 F.3d 947 (9th Cir. 2007 ) (en

12  banc).  Accordingly, in reviewing a waiver of appellate rights, the "court looks to the

13  circumstances surrounding the signing and entry of the plea agreement to determine whether the

14  defendant agreed to its terms knowingly and voluntarily."  <u>United States v. Baramdyka</u>, 95 F.3d

15  840, 843 (9th Cir. 1996) (citing <u>United States v. Bolinger</u>, 940 F.2d 478, 480 (9th Cir. 1998)).

16  However, "a plea agreement that waives the right to file a federal habeas petition . . . is

17  unenforceable with respect to an IAC claim" only if the habeas petition specifically "challenges

18  the voluntariness of the waiver" itself.  <u>Washington v. Lampert</u>, 422 F.3d 864, 871 (9th Cir.

19  2005).

20        Here, in his plea agreement movant voluntarily and specifically waived his rights to file a

21  § 2255 motion.  (ECF No. 866, at 7:15-17.)  The assigned District Judge found that the movant's

22  plea of guilty was "a knowing and voluntary plea" (Rep.'s Tr. (ECF No. 1198) at13:2-9) after

23  confirming that movant understood he was "waiving [his] right to collaterally attack [his]

24  conviction or [his] sentence."  (<u>Id</u>. at 8:22-9:7.)  Moreover, movant does not challenge the

25  voluntariness of his plea agreement or the provision contained therein which expressly stated

26  movant waived his right to file a § 2255 motion.  Nor does movant allege or argue that his plea

27  agreement — in which he specifically waived his right to file a § 2255 motion — would not have

28  occurred but for the allegedly delinquent representation.  Cf. <u>Lafler v. Cooper</u>, ___ U.S. ___, 132

4

1  S. Ct. 1376, 1384 (2012) ("[A] defendant must 'show that there is a reasonable probability that,

2  but for counsel's unprofessional errors, the result of the proceeding would have been different.").

3      Therefore, the undersigned finds that both movant's factual-innocence and ineffective

4  assistance of counsel claims set forth in his § 2255 motion now pending before the court are

5  barred by his knowing and voluntary waiver of his rights to appeal or collaterally attack his

6  conviction or sentence.  See Ceja v. United States, No. 1:06-cr-0387 AWI, 2010 WL 4806904, at

7  *3 (E.D. Cal. Nov. 18, 2010) ("Because [the movant] was sentenced according to the terms of the

8  plea agreement, he cannot now claim he was somehow enticed or mislead into signing the

9  agreement by false promises.").  Here movant waived his right to attack his judgment and

10  sentence by way of a § 2255 motion "for the purpose of obtaining certain concessions from the

11  Government and he may not now ignore his part of the bargain."  United States v. Navarro–

12  Botello, 912 F.2d 318, 322 (9th Cir. 1990).

13  **III. Conclusion**

14      Accordingly, for all the reasons set forth above, IT IS HEREBY RECOMMENDED that

15  movant's motion to vacate, set aside, or correct his sentence be DENIED.

16      These findings and recommendations are submitted to the United States District Judge

17  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

18  after being served with these findings and recommendations, any party may file written

19  objections with the court and serve a copy on all parties.  Such a document should be captioned

20  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

21  shall be served and filed within fourteen days after service of the objections.  Failure to file

22  objections within the specified time may waive the right to appeal the District Court's order.

23  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153 (9th Cir.

24  1991).  In his objections movant may address whether a certificate of appealability should issue in

25  the event he files an appeal of the judgment in this case.  See Rule 11, Federal Rules Governing

26  /////

27  /////

28  /////

1   Section 2254 Cases in the United States District Courts (the district court must issue or deny a

2   certificate of appealability when it enters a final order adverse to the applicant).

3   Dated:  September 19, 2013

4   _____

5   DALE A. DROZD
    UNITED STATES MAGISTRATE JUDGE
6

7   DAD:8:gp
    Padi0248.2255hc

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28