UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>OSCAR CAMPOS PADILLA,<br><br>　　　　Defendant. | CR. NO. 2:07-248-17 WBS<br><br>MEMORANDUM AND ORDER RE: MOTION TO REDUCE SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(2) |

----oo0oo----

　　　Before the court is defendant Oscar Padilla's Motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 782 of the United States Sentencing Guidelines ("Guidelines"). (Def.'s Mot. (Docket No. 1361).) The government opposes defendant's Motion. (Gov't's Opp'n (Docket No. 1432).)

　　　On May 16, 2011, defendant entered into a plea

1

1  agreement with the government whereby he agreed to plead guilty
2  to one count of conspiracy to distribute and possess with intent
3  to distribute methamphetamine in violation of 21 U.S.C. §§ 846
4  and 841(a)(1).  (Plea Agreement at 1 (Docket No. 866).)  The
5  agreement stated that the court would "impose a sentence" "after
6  consultation and consideration of the Sentencing Guidelines."
7  (Id. at 5-6.)  The agreement further stated that "defendant's
8  sentence shall be 188 months in prison except that the defendant
9  reserves the right to argue in favor of a sentence of no less
10 than 168 months in prison."  (Id. at 6.)
11         On October 19, 2011, the United States Probation Office
12 filed a presentence report ("PSR") in defendant's case.
13 (Presentence Report ("PSR").)  The PSR recommended a base offense
14 level of 38 for defendant's crime under section 2D1.1(c) of the
15 Guidelines ("drug quantity table"), and deducted three levels for
16 defendant's "acceptance of responsibility under Guidelines
17 section 3E1.1, for a total offense level of 35."  (Id. ¶¶ 29,
18 36.)  Defendant's criminal history was a category I.  (Id. ¶ 39.)
19 Based on defendant's offense level and criminal history category,
20 the PSR determined that defendant's sentencing range under the
21 Guidelines was 168 to 210 months in prison.  (Id. ¶ 51.)
22         On November 28, 2011, the court held a sentencing
23 hearing in defendant's case.  (Sentencing Tr. (Docket No. 1151).)
24 At the hearing, the court adopted the PSR's findings "[w]ith
25 respect to the sentencing guidelines" and sentenced defendant to
26 168 months in prison.  (Id. at 2, 8.)  The court noted that it
27 "consider[ed] the guidelines in determining [defendant's]
28 sentence," and that "[a] sentence of 168 months . . . would . . .

2

1 | be within the guidelines." (Id. at 8-9.)

2 | On November 1, 2014, the United States Sentencing
3 | Commission promulgated Amendment 782 to the Guidelines, which
4 | reduced the offense level of several crimes listed in the drug
5 | quantity table by two levels. United States v. Mitchell, No.
6 | 112-CR-00199-LJO-SKO, 2016 WL 4161082, at *1 (E.D. Cal. Aug. 4,
7 | 2016). The Commission made Amendment 782 retroactively
8 | applicable on July 18, 2014. Id. (citing U.S.S.G. sup. App'x C,
9 | amend. 788). The parties agree that under Amendment 782,
10 | defendant's new total offense level is 33, which results in an
11 | amended Guidelines sentencing range of 135 to 168 months. (See
12 | Supplement to Def.'s Mot. at 6-7 (Docket No. 1421); Gov't's Opp'n
13 | at 2-3.)

14 | Defendant now moves to reduce his sentence to 135
15 | months pursuant to Amendment 782 and 18 U.S.C. § 3582(c)(2)
16 | ("section 3582(c)(2)"). (Supplement to Def.'s Mot. at 2.)

17 | Section 3582(c)(2) states that a federal court may
18 | "modify a term of imprisonment" where "a defendant [was]
19 | sentenced . . . based on a sentencing range that has subsequently
20 | been lowered by the [United States] Sentencing Commission." 18
21 | U.S.C. § 3582(c)(2). The government disputes whether defendant's
22 | sentence was "based on" the Guidelines, arguing that "the
23 | sentencing transcript is ambiguous" as to how his sentence was
24 | determined. (Gov't's Opp'n at 5.) Notwithstanding the
25 | government's argument, the transcript and defendant's plea
26 | agreement appear to be clear on the matter. The plea agreement
27 | states that the court would "impose a sentence" "after
28 | consultation and consideration of the Sentencing Guidelines."

(Plea Agreement at 5.)  At the sentencing hearing, the court stated that it "consider[ed] the guidelines in determining [defendant's] sentence" and expressly noted that "[a] sentence of 168 months . . . would . . . be within the guidelines." (Sentencing Tr. at 8-9.)  In light of these statements, the court finds that defendant's sentence was "based on" the Guidelines.[1]

Having determined that defendant's sentence was "based on" the Guidelines, the court next addresses whether a reduction of that sentence is appropriate under section 3582(c)(2).  The United States Supreme Court held in Dillon v. United States, 560 U.S. 817 (2010) that section 3582(c)(2) involves "a two-step inquiry."  Id. at 826.  "A court must first determine that a reduction is consistent with [the policies set forth in] § 1B1.10" of the Guidelines ("section 1B1.10").  Id.  "At step two of the inquiry, § 3582(c)(2) instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case."  Id. at 827.

With respect to step one, the government cites no

---

[1] That the court accepted defendant's plea agreement, which did not expressly cite the Guidelines in recommending a sentence of 168 to 188 months, does not alter the court's finding.  The Ninth Circuit explained in United States v. Davis, 825 F.3d 1014 (9th Cir. 2016) that a "judge's decision to accept [a plea agreement] and impose the recommended sentence is likely to be based on the Guidelines; and when it is, the defendant should be eligible to seek § 3582(c)(2) relief."  Id. at 1026. As discussed above, statements made in defendant's plea agreement and at the sentencing hearing indicate that the court's decision to impose a 168-month sentence was "based on" the Guidelines. Thus, the court's acceptance of defendant's plea agreement does not alter his eligibility for relief under section 3582(c)(2).

provision of section 1B1.10, and the court is not aware of any provision in that section, that is inconsistent with defendant's motion. The government concedes that "defendant may be eligible for a sentence reduction" provided that he satisfies the other requirements of section 3582(c)(2). (Gov't's Opp'n at 2.) Thus, defendant has satisfied step one of the Dillon test.

With respect to step two, the government argues that the court should "exercise its sentencing discretion [to] decline to provide any sentence reduction" because "defendant's sentence reflects the massive scale of his large-scale drug trafficking" and his participation "at the highest levels of" a drug trafficking conspiracy. (Id. at 5-6.) The PSR, however, already took these factors into account when it determined defendant's original sentencing range under the Guidelines. (See PSR ¶¶ 20, 23-24, 51 (discussing the quantity of drugs defendant trafficked and his level of participation in the relevant drug trafficking conspiracy).) The court adopted the PSR's findings "[w]ith respect to the sentencing guidelines," (Sentencing Tr. at 2), and, as explained above, sentenced defendant "based on" the Guidelines. In light of Amendment 782's reduction of drug crime sentences determined under the Guidelines, the court sees no reason to deny defendant a sentence reduction here.

Having determined that defendant is entitled to a reduction in his sentence, the court must still exercise its discretion in determining the amount of the reduction. Considering all of the relevant sentencing factors set forth in 18 U.S.C. § 3553(a), some of the concerns expressed by the government cause the court to conclude that a full reduction to

the bottom of the newly calculated guidelines would not be appropriate.  In the PSR, the Probation Officer expressed the view that a sentence of less than 188 months (which at that time was 20 months higher than the bottom of the guidelines) would minimize the seriousness of the offense.  Defendant was engaged in a large scale drug trafficking operation providing methamphetamine to the Nuestra Familia.

Having reviewed the entire record, the court finds a new sentence of 144 months to be sufficient but not greater than necessary to satisfy all of the relevant sentencing factors in light of the Guidelines after Amendment 782.

IT IS THEREFORE ORDERED that defendant's Motion to reduce his sentence pursuant to § 3582(c)(2) be, and the same hereby is, GRANTED.  Defendant's term of imprisonment shall be reduced to 144 months, effective immediately.

Dated:  November 17, 2016

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE